# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PAUL MAAS RISENHOOVER,      )
     )
       Plaintiff,      )
     )
     v.      )      Civil Action No.  21-2563 (BAH)
     )      Chief Judge Beryl A. Howell
     )
U.S. DEPARTMENT OF STATE *et al.*,      )
     )
     )
       Defendants.      )

## MEMORANDUM OPINION

Plaintiff Paul Maas Risenhoover, who is proceeding *pro se*, filed this lawsuit under the
Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records
purportedly maintained by the U.S. Departments of State and Homeland Security.  Defendants
have moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for
summary judgment under Rule 56.  Defs.' Mot. to Dismiss and for Summ. J., ECF No. 22.  For
the reasons explained below, the motion is granted.

## I.  BACKGROUND

On September 12, 2021, plaintiff emailed a FOIA request to the State Department and
that request was denied two days later "because it did not 'reasonably describe the records
sought.'"  Defs' Ex. A, Decl. of Susan C. Weetman ¶ 5, ECF No. 22-2.  The request exceeded
90 pages, the first two of which contained "13 numbered points."  *Id*. ¶ 11. The remaining pages
included "content purportedly copied from the Department's Foreign Affairs Manual" and
"several forms including a 66-page document entitled 'Passport Taiwan Government'."  *Id*.  A
veteran Government Information Specialist tried unsuccessfully to discern the records sought

and "consulted with colleagues." *Id.* ¶¶ 11- 12.  In doing so, the Specialist "made a good faith effort to look past" the question-answer format comprising the "first six subparts" of the request to "determine which records Plaintiff was seeking and how [to] search for them, but was unable to make such a determination." *Id.* ¶ 12.  The request was reviewed also by two veteran team leaders who, too, were unable "to parse the language of the request in order to determine which records Plaintiff sought, or where to begin to search." *Id.* ¶ 13.  On September 14, 2021, a Team Lead Government Information Specialist notified Plaintiff that his request was denied "as written because it failed to reasonably describe the records sought." *Id.* ¶¶ 5, 14.

On September 15, 2021, in an administrative appeal, plaintiff "submitted an alternate formulation of his request which he referred to as an amendment," containing "13 new sub-parts as well as a 1,600 word description" of the databases he wanted searched.  *Id.* ¶¶ 6, 15.  On September 16, 2021, a FOIA Appeals Officer with 18 years of experience "reviewed the email containing Plaintiff's appeal . . . and affirmed the denial of his request on the basis that [the overly broad and voluminous request] did not reasonably describe the records sought." *Id.* ¶¶ 5, 15.  The officer further informed Plaintiff of his right to seek judicial review.

On September 20, 2021, plaintiff initiated this action by filing a 52- page prolix "Complaint for Injunctive Relief," which opened with:

> This is an action under the first amendment right of petition for redress of grievances and the Administrative Procedures Act ("APA"), 5 U.S.C. § ___, to compel rulemaking and disclosure of records from Defendants CBP Port Officer in Charge, CNMI, CBP Port Officer in Charge Guam, Department of Homeland Security and U.S. Department State ("State Department") as to CBP Form I-755 and the term of art "the geographic area of Taiwan", and compel rulemaking as to the Carrier Instruction Manual, the Contract with Carriers (passport clause invoking 8 CFR 212.1q(2)(F) as to Formosa). When the Commonwealth of the Philippines joined the United Nations Organization, the islands were subject [to] the jurisdiction and sovereignty of the United States.

ECF No. 1 at 1.  On page 19 of the complaint, plaintiff finally alleged that in August 2021, he emailed a FOIA request to the State Department "for records about the Bureau of Consular Affair's Consular Consolidated Database," specifically seeking "[a]ny passport applications adjudicated averring the applicant to be a Carolinian or Chamorro aboriginal person, as implied under 8 USC 1401(b), and any Secretarial nationality status determination letters under 8 USC 1503(b, c), the Foreign Affairs Manual and the CFRs."  Compl. ¶¶ 24-25.

The reference in the complaint "to a FOIA request for which no tracking number [or actual request] was provided," Weetman Decl. ¶ 7, prompted defendants to seek clarification from plaintiff.  On January 6, 2022, plaintiff supplied defendants with FOIA request number F-2021-10174, for a request that had been submitted to the State Department on September 12, 2021, Defs.' Stmt. of Facts ¶¶ 2-3, ECF No. 22-1, with the subject line: "FOIA and concomitant first amendment petitionary requests Dear NARA and DOS, CBP, DHS HQ, For all questions, Records should include, but not be limited to, the following: a) Participant lists[,] b) Participant notes[,] c) Briefing scheduling requests,"  Defs.' Ex. B, ECF No. 22-3 ("FOIA Request"). During this litigation, the parties conferred multiple times "to clarify or narrow" the request, but "were unable to reach an agreement."  Defs.' Facts ¶ 9; *see* Joint Status Reports, ECF Nos. 11, 16, 17.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "In FOIA cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory

evidence in the record or by evidence of agency bad faith." *Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017) (internal quotation marks omitted) (quoting *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013)); *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) ("[A]n agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced or is wholly exempt from the Act's inspection requirements.' " (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978))).  Most FOIA cases will be resolved on summary judgment. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

FOIA authorizes federal courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."[1] 5 U.S.C. § 552(a)(4)(B).  District courts must "determine de novo whether non-disclosure was permissible." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015).  "FOIA places the burden 'on the agency to sustain its action,' and the agency therefore bears the burden of proving that it has not 'improperly' withheld the requested records." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 922 F.3d 480, 487 (D.C. Cir. 2019) (citations omitted) (first quoting 5 U.S.C. § 552(a)(4)(B); and then quoting *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 n.3 (1989)).

---

[1]     The Court has jurisdiction over the subject matter and thus denies defendants' motion to dismiss under Rule 12(b)(1).  *See, e.g., Gun Owners of Am., Inc. v. Fed. Bureau of Investigation*, 594 F. Supp. 3d 37, 42-43 (D.D.C. 2022) ("a motion under Rule 12(b)(6) is the appropriate vehicle for determining whether a plaintiff's request reasonably describes the records sought") (citing *CREW v. U.S. Dep't of Just.*, 922 F.3d 480, 487-88 (D.C. Cir. 2019)).

## III.  DISCUSSION

 Defendants argue that summary judgment is appropriate because plaintiff's FOIA request fails to reasonably describe the records sought.  Mem. of P. & A. at 11-17.  For the reasons discussed next, the Court agrees.

At the outset, an agency's FOIA obligations begin upon receipt of a request that reasonably describes the records sought.  *See Ctr. for the Study of Servs. v. United States Dep't of Health and Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) ("A request that 'reasonably describes' the records sought . . . triggers the agency's obligation to search for and disclose all responsive records" (quoting 5 U.S.C. § 552(a)(3)(A)) (citation omitted)).  The D.C. Circuit has explained that "a request that requires 'an unreasonably burdensome search' " does not reasonably describe the records sought and, therefore, the "agency need not honor" it.  *Am. Fed'n of Gov't Emps. v. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (quoting *Goland*, 607 F.2d at 353 (D.C. Cir. 1978)); *see also Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 664 (D.C. Cir. 2003) ("[T]here are limits to the lengths to which an agency must go in responding to a FOIA request.").  "A request reasonably describes records if 'the agency is able to determine precisely what records are being requested." *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996)).  "Broad, sweeping requests lacking specificity are not sufficient."  *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002); *see Risenhoover v. Stanfield*, 767 Fed. App'x 12, 13 (D.C. Cir. 2019) (affirming dismissal of "FOIA Civil Complaint" that "failed to identify the FOIA request at issue[,] the nature of the records sought in that request, or the records which appellant believes to have been improperly withheld").

A description of agency records is sufficient when it "enable[s] a professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). Given the incoherency of plaintiff's 103-page FOIA Request, *see* ECF No. 22-3, defendants' "multiple experienced FOIA processing professionals" could not "discern which records Plaintiff was seeking or how to approach a search for responsive records," Defs.' Facts ¶ 5 (citing Weetman Decl.¶ 12). While agencies have "a duty to construe a FOIA request liberally," *Evans*, 951 F.3d at 583-84, they are not obligated to search "beyond 'the four corners of the request,' nor are they 'required to divine a requester's intent.' " *Poitras v. Dep't of Homeland Sec*., 303 F. Supp. 3d 136, 160 (D.D.C. 2018) (quoting *Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 62 (D.D.C. 2013) (other citation omitted)). Defendants made efforts to confer with plaintiff to understand better what records were sought within the sprawling "four corners of the request," but without success. This record showing defendants' "multiple good faith efforts" to have plaintiff clarify or narrow his request, Defs.' Facts ¶ 9, evinces no improper withholding under FOIA.

Plaintiff has asserted nothing to cast doubt on defendants' declaration or motives. His two-part opposition does not comply with the summary judgment rules of which he was informed, *see* Order (June 27, 2022), but rather, characteristically, is replete with puzzling assertions unrelated to the issues at hand, *see generally* Pl.'s Opp'n to Defs' Mot. for Summ. J. ECF Nos. 28, 29; *cf. Risenhoover v. United States Dep't of State*, No. 19-cv-715 (BAH), 2020 WL 3128947, at *2, n.1 (D.D.C. June 12, 2020), ), *aff'd*, No. 20-5276, 2020 WL 8773055 (D.C. Cir. Dec. 22, 2020)  (describing plaintiff's opposition as "an amalgam of documents consisting largely of opinionated assertions that stray far from the [FOIA] issues to be decided");

*Risenhoover v. Cent. Intel. Agency*, No. 19-cv-2757 (BAH), 2020 WL 13065071, at *1 (D.D.C. Feb. 7, 2020) (enjoining further filings upon finding "no end in sight" to the plaintiff's excessive and largely incoherent filings"). In the only clear reference to FOIA, plaintiff counters that "[r]ecently this Court ordered the DEA to search for and produce 'all Form 222' similar to the pending requests in this litigation." ECF No. 28 ¶ 3; *see also* ECF No. 29 ¶ 3 ("As this Court held only days ago, 'Form 222' " of the DEA is a sufficient record locator."). Yet, the complaint, to the extent intelligible, neither seeks records from the DEA nor names the DEA (or parent agency Department of Justice) as a party-defendant.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED. A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE:  February 16, 2023